## Alice St. Clair Shorman v. Harvey B. Hurd et al., Executors and Trustees.

1. EQUITY—*Will Not Entertain a Bill Where There is a Full Remedy at Law.*—A court of equity will not entertain a bill for relief when the complainant has a full, plain and adequate remedy at law.

**Bill for an Injunction.**—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed April 14, 1903.

HENRY S. WILCOX and FRED C. ELLIS, attorneys for appellant.

MORRISON & BETHEA, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from an order of injunction restraining appellant from prosecuting any suit against appellees as

executors and trustees under the will of Catherine M. White, deceased, upon a note for $50,000, made by Mrs. White June 22, 1897, payable one month after her death to the order of appellant.

The bill shows that appellant was the confidential clerk and friend of Mrs. White for some time prior to her death, and in such capacity advised, controlled and had great influence over Mrs. White; that appellant being an educated lawyer, Mrs. White relied to a great extent upon her for advice, counsel and direction in the management of her affairs, in the making of her will, and such other things as she did in preparation for her expected death; that Mrs. White, in and by her will, bequeathed to appellant the sum of $50,000, some $25,000 of which has already been paid to her by appellees; that appellant, after the death of Mrs. White, was employed by appellees as their clerk and agent in administering the affairs of the estate of Mrs. White, the collecting of and looking after accounts and property due her, as well as demands against said estate; that the will of Mrs. White having been duly probated, and appellees proceeding as executors to act thereunder, a day was fixed for the presentation of claims against said estate; that appellant, upon such adjudication day, presented no claim, and not until the 2d day of January, 1901, did she file any claim in the Probate Court of Cook County against said estate upon said note; that appellee, Harvey B. Hurd, and one Chalkley J. Hambleton, were on the 21st day of August, 1899, duly appointed executors, and letters testamentary were then issued to them; that October 19, 1899, was appointed by the Probate Court as adjudication day, upon which claims might be presented against said estate; that appellant, as the confidential clerk of the executors of said will, looked after the matter of publishing the proper notice and taking the necessary and orderly steps in the matter of preparing the said estate for the presentation of claims; that she examined and passed upon the claims which were filed against the said estate, and consulted and advised with the executors in ref-

erence thereto; that appellant never informed the executors of the said will, or any of them, that she had said note, and never called attention of the court to the fact that she had, or claimed to have, any claim or demand of any kind or nature against the said estate, until a few days before she filed the same on the 2d day of January, 1901, some seventeen months after the executors of said will were appointed by the Probate Court.

The bill also sets forth that Mrs. White, having a large estate, was apprehensive that certain relatives of hers might make an attempt to have the will set aside; that she consulted with appellant concerning the matter, and was informed by appellant that while the bequest of $50,000 to appellant would fail if the will were set aside, the gift of $50,000 intended by Mrs. White for appellant could be made effective and secure beyond doubt if Mrs. White made and gave to her, appellant, a note for $50,000, which appellant could and would make use of only in case the bequest of the same sum to her in the will should fail because of the setting aside of the will.

The bill also sets forth many other reasons why the claim of appellant under said note is invalid and should be disallowed, which it is not necessary to mention in this opinion. It is also charged in the bill that appellant having filed her claim in the Probate Court as aforesaid, a hearing was had thereon and the same disallowed by the Probate Court, from which judgment of disallowance appellant took an appeal to the Circuit Court; that a trial has been had in the Circuit Court upon the said claim against the estate of Mrs. White, with the result that the jury to which the cause was submitted disagreed, and such claim is still pending and undetermined in said Circuit Court.

From the bill it clearly appears that there is no necessity for an application to a court of equity by appellees in respect to the said claim of appellant. The bill shows no defense to appellant's claim which can not be set up and maintained in a court of law, where, so far as appears, an

adjudication upon the merits of appellant's claim can be had as quickly as can a determination thereof in a court of equity. A court of equity will not entertain a bill for relief when the complainant has a full, plain and adequate remedy at law. Shenehon v. Illinois Life Ins. Co., 100 Ill. App. 281, and cases cited on pages 289, 290 and 291; Schack v. McKey, 100 Ill. App. 249.

The bill further sets forth that the estate of Catherine M. White consists principally of the property which she received from the estate of her deceased husband, Hugh A. White; that soon after the death of Hugh A. White, to wit, on the 24th day of March, A. D. 1894, a bill in equity against the executor of his estate was filed in the Circuit Court of Cook County, alleging, among other things, that he, in his lifetime, had been trustee of the estate of Louisa G. Bigelow, and as such trustee had a large amount of money and property belonging to said trust estate, and praying for the appointment of a successor in trust and for an accounting, and that the said Catherine M. White, as executrix of his estate, should pay and make over to a trustee to be appointed, whatever should be found in her hands belonging to said trust, and such proceedings were had that the Northern Trust Company was appointed in said suit as such trustee to succeed the said Hugh A. White, deceased; that after the filing of the claim of said appellant, as before set forth, a bill of items showing the claims made against the estate of the said Hugh A. White in favor of the trustee of the estate of the said Louisa G. Bigelow, was filed, amounting in all to between one and two hundred thousand dollars, which said suit is still pending.

The bill further sets forth that between the time of the death of Hugh A. White and the death of Catherine M. White, Catherine M. White, reposing confidence in appellant, entrusted her with the collection, receipt and disbursement of money aggregating about $200,000, and Catherine M. White frequently drew checks upon her bank account, payable to the order of appellant, for large

sums of money, so that appellant might use the same for certain purposes then designated by said Catherine M. White, but whether they were so used or not complainants are unable to state; that it was the duty of appellant to keep an account of how the money so entrusted to her was used, and she undertook to do so, and did keep some account of the same, yet kept no sufficient or true account thereof, and that it is impossible for complainants, from the meager entries made in the book kept of such account by appellant, to ascertain how such moneys were used or disposed of, or whether they were used or disposed of as directed by Catherine M. White; that complainants have frequently endeavored to obtain from appellant an account of her disbursement of such moneys, but have been unable so to do.

The bill asks for an accounting by appellant of the moneys, securities and property received by appellant from Catherine M. White, as executrix of the will of Hugh A. White, and also from appellant as the agent of Catherine M. White. Many other things are also alleged in the bill, but none which in our judgment warrant the granting of the injunction obtained in this case. Whether the bill makes out a case for a decree requiring appellant to account as prayed in the bill, it is not necessary for us to now decide. The only question submitted by this appeal is, whether appellees are entitled to maintain the interlocutory injunction by them obtained upon the filing of their bill. Granting that the bill does make out a case requiring that appellant account as therein prayed, it does not appear that appellees are entitled to an injunction restraining the prosecution of her claim against the estate of Catherine M. White. Appellant is not alleged to be financially irresponsible, and about $25,000 of the legacy of $50,000 given by Catherine M. White to appellant yet remain in the hands of appellees. Appellees allege an apprehension that if the claim of appellant be allowed, the estate of Catherine M. White will not prove large enough to pay all of the legacies in full. Granting that their apprehensions are well founded, such condition does not

afford a sufficient reason for the continuance of the injunction obtained in this case.

The order of the Circuit Court allowing an injunction is reversed.